**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**NETTIE LEWIS**                                                                    **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 2:25-cv-00148-HSO-BWR**

**BURL CAIN**                                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* Petitioner Nettie Lewis. Lewis filed her Petition over six years late and is not entitled to statutory or equitable tolling of the statute of limitations. Respondent Burl Cain's Motion to Dismiss [14] Lewis's Petition as barred by the statute of limitations in 28 U.S.C. § 2244(d) should be granted.

## I. BACKGROUND

A.    Criminal Proceeding

On June 9, 2017, Lewis was indicted for first-degree murder and first-degree arson in the Marion County Circuit Court, Cause No. 2017-cr-122. Resp't's Ex. A [14-1]. On February 8, 2018, Lewis submitted a petition to enter a guilty plea to second-degree (depraved heart) murder and first-degree arson. Resp't's Ex. B [14-2]. On February 9, 2018 (with a filing date of February 14, 2018), the Marion County Circuit Court entered an Order of Conviction and Sentence, and sentenced Lewis to serve concurrent terms of forty years for second-degree murder and twenty years for first-

degree arson in the custody of the Mississippi Department of Corrections ("MDOC").

Resp't's Ex. C [14-3].

B.      Post-Conviction Filings

In April 2019, Lewis began filing letters in her criminal proceeding, requesting

assistance with her case and requesting copies of discovery and other documents. *See*

State Court Record ("SCR") [13-1] at 161–64, 200–03, 205–06, 208–09, 211–12, 214-

15, and 217–22. The circuit clerk's office responded to Lewis's letters, providing her

with a copy of the requested motion for discovery, but informing her that she would

have to contact her attorney for copies of the actual discovery documents. *Id.* at 207,

210, 213. The circuit court judge's staff attorney further informed her that the circuit

court judge, Anthony Mozingo, could not represent her or recommend an attorney. *Id.*

at 204.

On February 8, 2021 (signed February 2, 2021), Lewis filed a motion for post-

conviction relief ("PCR Motion") in the Marion County Circuit Court, Cause No. 21-

cv-34-BT, based on the alleged grounds of ineffective assistance of counsel and

involuntary plea. *See* SCR [13-2] at 3-11. On April 20, 2021, the circuit court denied

Lewis's PCR Motion, finding that "Lewis was aware of the nature of the charges

against her[,] [s]he was advised of her rights[, and] . . . she knew the sentencing range

for the crimes with which she was charged." *Id.* at 19. Accordingly, "her plea was

voluntary, thus negating her claim ineffective advice of counsel rendered her plea

involuntary." *Id.* On May 14, 2021, Lewis requested "a copy of any and all documents

2

included in the circuit court case file[,]" but did not appeal the circuit court's denial of her PCR Motion. *Id.* at 20.

In January 2022, Lewis filed a Petition for Sentence Reduction in her criminal proceeding, Cause No. 17-cr-122-AM. *See* SCR [13-1] at 214. On April 12, 2022, the circuit court denied Lewis's Motion for Sentence Reduction, finding that it was "well past the time in which a [c]ourt may consider altering or amending its judgment." *See* Resp't's Ex. E [14-5]; SCR [13-1] at 216.

Respondent submits that "[t]he online docket of the Mississippi Supreme Court confirms that Lewis has initiated no filings in that court challenging her 2018 pleas and sentences for second degree murder and first-degree arson." Resp't's Mot. [14] at 3-4.

C.   Federal Habeas Petition

Lewis filed her Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[1] on September 15, 2025.[2] In Ground One, Lewis argues "Ineffective counsel" because her "attorney persuaded [her] to take a blind plea with no real intentions of helping [her]." Pet. [1] at 6. In Ground Two, Lewis argues "Prosecutorial Misconduct" because her "attorney never … explain[ed] the difference between a blind plea and a verbal plea." *Id.* In Ground Three, Lewis alleges "Sentencing Errors" because "the sentence that was imposed by the court did not apply to the blind plea that [she] took

---

[1] Although Lewis used a form 28 U.S.C. § 2241 Petition, the Court construes the Petition as one under § 2254. *See* Order [10] at 1 n.1.

[2] "Under the prisoner mailbox rule, a petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court." *Shannon v. Johnson*, No. 5:18-cv-95-DCB-JCG, 2019 WL 4305746, at *1 (S.D. Miss. Sept. 11, 2019) (citing *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013)).

with [her] attorney[;]" she states she was "indicted on 97-3-19(1)(a) MCA and charged on 97-3-19(1)(b) MCA." *Id.* In Ground Four, Lewis alleges "Newly Discovered Evidence" that her "Co-defendant turned in falsified evidence against [her]" and she has "factual evidence based off the cameras from Marion General Hospital and nurse station records." *Id.* at 7.

Lewis admits that she did not exhaust or appeal any of the grounds raised in her Petition, but states that she "was not knowledgeable about any of the grounds that [her] appeal could be filed on" and is "just now getting more knowledgeable to the things that are available . . . ." *Id.* at 6–7. Lewis requests that this Court "assist [her] in getting the courts to recognize the blind plea [she] took with [her] attorney" and that she "agreed to a manslaughter charge and that is not what [she] was given." *Id.* at 7.

Respondent filed his Motion to Dismiss [14] on February 17, 2026, arguing Lewis's Petition should be dismissed because the statute of limitations has expired. On March 20, 2026, this Court ordered Lewis to file a response to the Motion [14] on or before April 20, 2026. *See* Order [15]. This Court warned Lewis that her failure to file a timely response may result in the dismissal of her Petition for failure to prosecute. *Id.* Despite this warning from the Court, Lewis did not file a response to the Motion.

## II. DISCUSSION

A.      The Petition is Barred by the Statute of Limitations in 28 U.S.C. § 2244(d)

4

The applicable statute of limitations for a § 2254 petition is found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

"A state prisoner generally must file for federal habeas relief within a year after his conviction becomes final. That limitation period is tolled, however, during the pendency of a properly filed application for state habeas relief." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (citing 28 U.S.C. § 2244(d)(1)(A) and (d)(2)). "[E]quitable tolling is warranted in only 'rare and exceptional circumstances.'" *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting *Davis v. Johnson*, 158 F.3d

806, 811 (5th Cir. 1998)). "It is appropriate where the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Lewis was sentenced on February 9, 2018, and her Order of Conviction and Sentence was filed on February 14, 2018. Mississippi law proscribes filing a direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101 (West 2008). A guilty plea becomes final under AEDPA ninety days after sentencing, when the time for seeking direct review in the United States Supreme Court would expire. *Wallace v. Mississippi*, 43 F.4th 482, 497-501 (5th Cir. 2022). Lewis's conviction and sentence became final on May 15, 2018 (February 14, 2018 plus ninety days). Lewis had one year from May 15, 2018, or until May 15, 2019, to timely file a § 2254 petition, absent statutory or equitable tolling. Lewis filed her § 2254 Petition on September 15, 2025.[3] Pet. [1] at 8. Lewis filed her Petition over six years outside the limitations period.

Lewis is not entitled to statutory tolling because "[s]he never 'properly filed' a state habeas application during the limitations period." *Jones,* 22 F.4th at 490; *see also Artuz v. Bennett,* 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Lewis's PCR Motion in the Marion County Circuit Court was filed on February 2, 2021, nearly two years after the one-year limitations period expired on May 15, 2019.

---

[3] *See supra*, footnote 2.

Likewise, Lewis's Petition for Sentence Reduction in her criminal proceeding was filed on January 6, 2022, over two years after the one-year limitations period expired. Aside from its untimeliness, Lewis's Petition for Sentence Reduction did not toll the federal statute of limitations under § 2244(d)(2) because it "did not collaterally attack h[er] sentence or otherwise raise grounds for post-conviction relief." *Frith v. Epps*, 392 F. App'x 342, 346 (5th Cir. 2010) ("Because [petitioner's] motion for reconsideration [of his sentence] did not request post-conviction relief under Mississippi law, the motion did not toll the statute of limitations under § 2244(d)(2).")

Further, Lewis's letters to the circuit court clerk and judge requesting copies of her sentencing order and other documents and/or for assistance with her case (i.e., for the judge to represent her or recommend an attorney for her) did not toll the statute of limitations, as they were not "properly filed" state habeas applications. *See Thompson v. McClure*, No. 1:22-cv-129-SA-RP, 2023 WL 7391498, at *4 (N.D. Miss. Nov. 8, 2023) ("Though Thompson filed motions for records, transcripts, and discovery requests in 2015, before the limitations period expired, those motions did not constitute 'properly filed' motions for post-conviction or other collateral relief."); *Jones,* 22 F.4th at 490 (petitioner not entitled to statutory tolling because "he never 'properly filed' a state habeas application during the limitation period").

Finally, Lewis's letters to Circuit Court Judge Anthony Mozingo (filed August 24, 2022) requesting an early release and to Circuit Court Judge Brad Touchtone (dated September 3, 2025) requesting him to "look over" her case, also came years after the federal statute of limitations expired. *See* SCR [13-1] at 217-222.

Lewis is also not entitled to equitable tolling, as she has not shown that "some extraordinary circumstance stood in h[er] way and prevented timely filing.'" *Jones*, 22 F.4th at 490 (quoting *Holland*, 560 U.S. at 649). Lewis did not indicate why her Petition was untimely, but when asked why she did not exhaust any of the grounds raised in her Petition, she stated that she "was not knowledgeable about any of the grounds that [her] appeal could be filed on" and is "just now getting more knowledgeable to the things that are available . . . ." Pet. [1] at 6–7. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002) (citation omitted). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). "In short, [Lewis] cannot show the extraordinary circumstances necessary for equitable tolling because h[er] failure to timely file the instant petition is the result of h[er] own procedural mistakes." *Jones,* 22 F.4th at 492.

B.     Lewis Does Not State a Valid Actual Innocence Claim

While Lewis does not specifically raise "actual innocence" as a ground in her federal Petition, Respondent argues that Lewis's "liberally construed claim of 'actual innocence' does not overcome the untimeliness of her [P]etition." Resp't's Mot. [14] at 12. In Ground Four, Lewis alleges "Newly Discovered Evidence" that her "Co-defendant turned in falsified evidence against [her]" and she has "factual evidence

8

based off the cameras from Marion General Hospital and nurse station records." Pet. [1] at 7.

Habeas relief is not granted based solely on the claim of actual innocence. Actual innocence only enables a petitioner to proceed on the merits of her otherwise time-barred habeas claims. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . [or] expiration of the statute of limitations"). To succeed, Lewis must show that "new reliable evidence" exists and that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Lewis fails to state a valid actual innocence claim because she does not show the existence of any "new reliable evidence", or that "in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 299, 324, 329. While Lewis states she has "factual evidence based off the cameras from Marion General Hospital and nurse station records," she provides no actual evidence or any information as to what the alleged evidence from the cameras and nurses' records purports to show, or in any way

9

establishes her innocence. Therefore, Lewis's actual innocence claim does not allow this Court to reach the merits of her time-barred claims.

### III. RECOMMENDATION

Respondent's Motion to Dismiss [14] should be granted and Lewis's Petition [1] dismissed with prejudice as time barred under 28 U.S.C. § 2244(d).

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which she did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of May, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE