IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NETTIE LEWIS**                                                                                      **PETITIONER**

**v.**                                                                                    **Civil No. 2:25-cv-148-HSO-BWR**

**BURL CAIN**                                                                                      **RESPONDENT**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16] AND GRANTING RESPONDENT BURL CAIN'S MOTION [14] TO DISMISS

On May 4, 2026, United States Magistrate Judge Bradley W. Rath entered a Report and Recommendation [16], recommending that Respondent Burl Cain's ("Respondent") Motion [14] to Dismiss be granted and that Petitioner Nettie Lewis's ("Lewis" or "Petitioner") Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus be dismissed with prejudice because it is barred by the statute of limitations under 28 U.S.C. § 2244(d).  *See* R. & R. [16] at 1, 5-6.  Petitioner has not objected to the Report and Recommendation [16] and the time for doing so has passed.  *See* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3).  After a review of the record and the relevant legal authority, the Court finds that the Report and Recommendation [16] should be adopted, that Respondent's Motion [14] should be granted, and that the Petition [1] should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).

## I. DISCUSSION

"Within 14 days after being served with a copy of the recommended

disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3). Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, the Magistrate Judge found that "Lewis filed her § 2254 Petition on September 15, 2025," more than "six years outside the limitations period." R. & R. [16] at 6. And because "Lewis is not entitled to statutory tolling," *id.* at 6, 7, or "equitable tolling," *id.* at 8, her Petition [1] was barred by the one-year statute of limitations for habeas relief under 28 U.S.C. § 2244(d), *see id.* at 10. The Magistrate Judge also found that, to the extent Lewis was attempting to state a claim of actual innocence which would allow her to proceed on the merits of her otherwise time-barred habeas claims, *id.* at 9, she had failed "to state a valid actual innocence claim because she does not show the existence of any 'new reliable evidence,' or that 'in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt,'" *id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 299, 325, 329 (1995) (alterations in original)). Accordingly, the

2

Magistrate Judge concluded that Lewis's Petition [1] should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). *See Id.* at 10.

The record reflects that a copy of the Report and Recommendation [16] was mailed to Petitioner at her address of record on the date it was entered, May 4, 2026, *see id.* at 10-11, and it has not been returned as undeliverable. This was more than fourteen days ago, and Petitioner has not filed any objections. *See id.* Nor has Respondent filed any objections to the Report and Recommendation [16]. Therefore, the "clearly erroneous, abuse of discretion and contrary to law" standard of review applies. *Wilson*, 864 F.2d at 1221.

Having conducted the required review, the Court concludes that the Report and Recommendation [16] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [16] as the opinion of the Court, grant Respondent's Motion [14] to Dismiss, and Dismiss the Petition [1] for Writ of Habeas Corpus with prejudice.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [16] of United States Magistrate Judge Bradley W. Rath, entered on May 4, 2026, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl

Cain's Motion [14] to Dismiss is **GRANTED**, and Petitioner Nettie Lewis's Petition

[1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 28th day of May, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE